# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

TRACY WHITMAN
37 Marylea Avenue
Pittsburgh, PA 15227

      Plaintiff,

          v.

HOLY FAMILY INSTITUTE
8235 Ohio River Blvd
Pittsburgh, PA 15202

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL DIVISION

Docket #: GD-22-002722

PRAECIPE FOR WRIT OF SUMMONS

Filed on behalf of: Plaintiff.

COUNSEL OF RECORD FOR THIS
PARTY:

David M. Kobylinski, Esquire
Pa. ID No.: 92233

Peter T. Kobylinski, Esquire
Pa. ID No.: 309832

PRAETORIAN LAW GROUP, LLC
515 Court Place, Ste 4
Pittsburgh, PA  15219
(412) 281-6600

FILED
2022 MAR 11 PM 12: 50
DEPT OF COURT RECORDS
CIVIL FAMILY DIVISION
ALLEGHENY COUNTY PA

1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| TRACY WHITMAN, | ) | |
| Plaintiff, | ) | CIVIL DIVISION |
| | ) | |
| | ) | Docket #: |
| v. | ) | |
| | ) | |
| HOLY FAMILY INSTITUTE | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue a writ of summons in the above-captioned against matter for Defendant

Holy Family Institute.

Papers may be served at the address set forth.

Respectfully submitted,

PRAETORIAN LAW GROUP, LLC

David M. Kobylinski, Esquire

*Counsel for Plaintiff*

Dated:  March 11, 2022

CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

David M. Kobylinski, Esquire (PA ID # 92233)

March 11, 2022

3

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ ALLEGHENY _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☐ Complaint
- ☐ Transfer from Another Jurisdiction
- ☒ Writ of Summons
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| TRACY WHITMAN | HOLY FAMILY INSTITUTE |

**Are money damages requested?** ☒ Yes  ☐ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes  ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney: DAVID M KOBYLINSKI, ESQ.

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☒ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **TRACY WHITMAN** | ) | |
| 37 Marylea Avenue | ) | CIVIL DIVISION |
| Pittsburgh, PA 15227 | ) | |
| | ) | Docket #:  GD-22-002722 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| **HOLY FAMILY INSTITUTE** | ) | |
| 8235 Ohio River Blvd | ) | **JURY TRIAL DEMANDED** |
| Pittsburgh, PA 15202 | ) | |
| | ) | Filed on behalf of:  Plaintiff. |
| Defendant. | ) | |
| | ) | COUNSEL OF RECORD FOR THIS |
| | ) | PARTY: |
| | ) | |
| | ) | David M. Kobylinski, Esquire |
| | ) | Pa. ID No.:  92233 |
| | ) | |
| | ) | Peter T. Kobylinski, Esquire |
| | ) | Pa. ID No.:  309832 |

PRAETORIAN LAW GROUP, LLC
515 Court Place, Ste 4
Pittsburgh, PA  15219
(412) 281-6600

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

**TRACY WHITMAN**,                    )
                                      )     CIVIL DIVISION
           Plaintiff,                 )
                                      )     Docket #:  GD-22-002722
           v.                         )
                                      )
**HOLY FAMILY INSTITUTE**             )     **JURY TRIAL DEMANDED**
                                      )
           Defendant.                 )

### NOTICE TO DEFEND

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.  YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219

(412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **TRACY WHITMAN**, | ) | |
| | ) | CIVIL DIVISION |
| Plaintiff, | ) | |
| | ) | Docket #:  GD-22-002722 |
| v. | ) | |
| | ) | |
| **HOLY FAMILY INSTITUTE** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Tracy Whitman avers as follows:

**A.    Preliminary Statement**

1.    Since 2021, Holy Family Institute ("HFI") has assisted the Biden administration in its policy of mass immigration for undocumented persons over the southern border by providing housing and care for the same persons.

2.     While assisting the Biden administration in this program, HFI itself discriminated against plaintiff on the basis of her national origin.

3.    HFI's conduct is reprehensible and warrants the imposition of punitive damages.

**B.    Parties and Venue**

4.    The foregoing paragraphs are incorporated as if set forth at length.

5.    Plaintiff Tracy Whitman is an adult citizen of Pennsylvania who resides at 37 Marylea Avenue, Pittsburgh, PA 15227.

6.    Defendant Holy Family Institute is a Pennsylvania non-profit entity whose primary place of business is located at 8235 Ohio River Boulevard, Pittsburgh, PA 15202.

7.    During all times relevant to this complaint, defendant employed over fifteen (15) individuals.

8.      Venue is appropriate in Allegheny County as defendant may be served herein.

**C.    Administrative Prerequisites**

9.      The foregoing paragraphs are incorporated as if set forth at length.

10.     Plaintiff filed a complaint of discrimination with the EEOC and Pennsylvania Human Relations Commission (the "PHRC") on July 6, 2021.

11.     Upon information and belief, pursuant to the work sharing agreement between the PHRC and the EEOC, the EEOC handles the investigation and determination into this matter.

12.     The EEOC issued a right to sue letter, and plaintiff commenced this matter within ninety (90) days of the same.

13.     As such, plaintiff has exhausted her state law and federal law administrative remedies.

**D.    Material Facts**

14.     The foregoing paragraphs are incorporated as if set forth at length.

15.     Plaintiff is an African-American woman who was born in the United States.

16.     On or around April 19, 2021, plaintiff interviewed with defendant for the position of supervisor. Defendant hired plaintiff for the same, but did not formally place her into the position as her promotion needed to be approved by the Commonwealth of Pennsylvania.

17.     Although defendant did not change plaintiff's nominal position, defendant increased plaintiff's duties and responsibilities without a corresponding increase in pay.

18.     In late April 2021, defendant required plaintiff to attend a training session but did not make her similarly situated male colleagues attend the same.

19.     In early May 2021, defendant made plaintiff attend a "Red Flag" meeting due to an event that had occurred at HFI's main campus, even though plaintiff had not worked there for approximately one month.

20.     In comparison, defendant did not make a similarly situated Hispanic male attend the same, even though this individual had actually worked at the facility involved.

21.     On May 4, 2021, plaintiff reported to her Hispanic male supervisor that certain staff members had been caught sleeping during their shifts.

22.     In spite of being so advised, this individual took no corrective actions.

23.     Later that month, plaintiff's Hispanic male supervisor failed to ensure plaintiff's floors were adequately staffed, forcing plaintiff to address the same.

24.     To plaintiff's knowledge, defendant undertook no corrective actions against this individual for failing to do his job.

25.     On or around May 20, 2021, defendant terminated plaintiff's employment on the basis that a staff member had been caught sleeping on the job.

26.     This was the same staff member who plaintiff had previously reported to her supervisor.

27.     Defendant did not take as severe disciplinary actions against her Hispanic male supervisor in spite of the fact that he had permitted this situation to exist.

28.     Plaintiff believes and therefore avers that defendant was more lenient to this individual as defendant preferred Hispanic individuals as opposed to African-Americans and/or native born Americans as it was assisting the Biden administration in caring for the undocumented immigrants that it had transported to HFI from the southern border of the United States.

5

29.     Plaintiff believes and therefore avers that males are treated more favorably by defendant than similarly situated females.

30.     Plaintiff believes and therefore avers that Caucasians and Hispanics are treated more favorably by defendant than similarly situated dark-skinned African-Americans.

**E.     DAMAGES**

31.     As a direct and proximate result of the Defendant's discriminatory practices and breach of contract, Plaintiff suffered from the following injuries and damages:

      a.     Plaintiff lost income, employment benefits and his financial security;

      b.     Plaintiff suffered damage to his reputation;

      c.     Plaintiff developed, suffered and continues to suffer from embarrassment, shame and emotional distress;

      d.     Plaintiff suffered and continues to suffer from a diminution in enjoyment of his life;

      e.     Plaintiff's ability to earn wages has been diminished and continues to be diminished; and

      f.     Attorneys' fees and costs.

## COUNT I

## RACE DISCRIMINATION UNDER TITLE VII

32.     The foregoing paragraphs are incorporated by reference as if set forth at length.

33.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.,* as amended by the Civil Rights Act of 1991, ("Title VII"), makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of race.

34.     Defendant, by and through their actions, discriminated against Plaintiff, because of her race (African-American) and such conduct is a violation of Title VII.

35.     The discriminatory conduct was sufficiently severe and pervasive that it altered the conditions of Plaintiff's employment, affected the terms and conditions thereof, in violation of Title VII, and ultimately resulted in Plaintiff's discharge from her employment.

36.     Plaintiff was fully able to perform his assigned tasks, but for the unwarranted racial, adverse employment actions.

37.     Plaintiff suffered intentional discrimination because of her race.

38.     Based on the foregoing, Defendant has discriminated and retaliated against Plaintiff on the basis of her race in violation of Title VII.

39.     As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

40.     Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $50,000 exclusive of interests and costs and other damages as listed:

a)     The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964 as amended.

b)     The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of race.

c)      The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d)      The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e)      The award of any pre-judgment interest on any back pay.

f)      The award of compensatory damages.

g)      The award of punitive damages.

h)      The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT II

### NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII

41.      The foregoing paragraphs are incorporated by reference as if set forth at length.

42.      Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.,* as amended by the Civil Rights Act of 1991, ("Title VII"), makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of national origin.

43.      Defendant, by and through their actions, discriminated against Plaintiff, because of her race national origin (American) and such conduct is a violation of Title VII.

44.      The discriminatory conduct was sufficiently severe and pervasive that it altered the conditions of Plaintiff's employment, affected the terms and conditions thereof, in violation of Title VII, and ultimately resulted in Plaintiff's discharge from her employment.

45.     Plaintiff was fully able to perform his assigned tasks, but for the unwarranted discriminatory, adverse employment actions.

46.     Plaintiff suffered intentional discrimination because of her national origin.

47.     Based on the foregoing, Defendant has discriminated and retaliated against Plaintiff on the basis of her national origin in violation of Title VII.

48.     As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

49.     Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $50,000 exclusive of interests and costs and other damages as listed:

a)      The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964 as amended.

b)      The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of national origin.

c)      The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d)      The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e)      The award of any pre-judgment interest on any back pay.

9

f)      The award of compensatory damages.

g)      The award of punitive damages.

h)      The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT III

## COLOR DISCRIMINATION UNDER TITLE VII

50.     The foregoing paragraphs are incorporated by reference as if set forth at length.

51.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.,* as amended by the Civil Rights Act of 1991, ("Title VII"), makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of color.

52.     Defendant, by and through their actions, discriminated against Plaintiff, because of her color (dark skinned) and such conduct is a violation of Title VII.

53.     The discriminatory conduct was sufficiently severe and pervasive that it altered the conditions of Plaintiff's employment, affected the terms and conditions thereof, in violation of Title VII, and ultimately resulted in Plaintiff's discharge from her employment.

54.     Plaintiff was fully able to perform his assigned tasks, but for the unwarranted discriminatory, adverse employment actions.

55.     Plaintiff suffered intentional discrimination because of her color.

56.     Based on the foregoing, Defendant has discriminated and retaliated against Plaintiff on the basis of her color in violation of Title VII.

57.     As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

58.     Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $50,000 exclusive of interests and costs and other damages as listed:

a)     The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964 as amended.

b)     The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of color.

c)     The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d)     The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e)     The award of any pre-judgment interest on any back pay.

f)     The award of compensatory damages.

g)     The award of punitive damages.

h)     The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT IV

## SEX DISCRIMINATION UNDER TITLE VII

59.     The foregoing paragraphs are incorporated by reference as if set forth at length.

11

60.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.,* as amended by the Civil Rights Act of 1991, ("Title VII"), makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of sex.

61.     Defendant, by and through their actions, discriminated against Plaintiff, because of her sex (female) and such conduct is a violation of Title VII.

62.     The discriminatory conduct was sufficiently severe and pervasive that it altered the conditions of Plaintiff's employment, affected the terms and conditions thereof, in violation of Title VII, and ultimately resulted in Plaintiff's discharge from her employment.

63.     Plaintiff was fully able to perform his assigned tasks, but for the unwarranted discriminatory, adverse employment actions.

64.     Plaintiff suffered intentional discrimination because of her sex.

65.     Based on the foregoing, Defendant has discriminated and retaliated against Plaintiff on the basis of her sex in violation of Title VII.

66.     As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

67.     Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $50,000 exclusive of interests and costs and other damages as listed:

a)     The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964 as amended.

b)       The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of sex.

c)       The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d)       The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e)       The award of any pre-judgment interest on any back pay.

f)       The award of compensatory damages.

g)       The award of punitive damages.

h)       The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT V

## DISCRIMINATION UNDER PHRA

68.       The prior paragraphs of this Complaint are incorporated herein by reference.

69.       At all times material to this complaint, Plaintiff was an "employee" of Defendants as that term is defined in the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §954.

70.       At all time material to this complaint Defendants were an "employer" of Plaintiff as that term is defined in the PHRA 43 P.S. §954.

71.       Plaintiff filed a timely complaint with the Pennsylvania Human Relations Commission pursuant to 43 P.S. §959(h) and now has the right to bring a private suit.

13

72.     The acts of Defendants constitute "unlawful discriminatory practices" under 43 P.S. §955 against Plaintiff because of his race/color and disability.

73.     As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

74.     Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendants and an award of damages as listed:

a)      The entry of declaratory judgment finding that the acts complained of herein are unlawful discriminatory practices under 43 P.S. § 955.

b)      The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of race.

c)      The immediate assignment of Plaintiff to such position as he would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d)      The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e)      The award of any pre-judgment interest on any back pay.

f)      The award of compensatory damages.

g)      The award of punitive damages.

h)      The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

14

**COUNT VI**

**VIOLATION OF REHABILITATION ACT**

75.     The prior paragraphs of this Complaint are incorporated herein by reference.

76.     Section 504 of the Rehabilitation Act of 1973, prohibits discrimination on the basis of disability in federally funded programs or activities, stating: "No otherwise qualified individual with a disability in the United States shall, solely by reason of this or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. §794(a).

77.     Defendant Port Authority operates and continues to operate by and through the receipt of federal financial assistance.

78.     Plaintiff is a disabled individual under the Rehabilitation Act of 1973.

79.     Plaintiff was subjected to discrimination because of her disability.

80.     As a direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

81.     Because the discriminatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff requests the following:

      a.   The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate The Rehabilitation Act as amended.

      b.   The entry of a permanent injunction prohibiting Defendant from engaging in further discriminatory conduct toward Plaintiff on the basis of her disability.

15

    c.   The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

    d.   The award of any pre-judgment interest on any back pay.

    e.   The award of compensatory damages.

    f.   The award of punitive damages.

    g.   The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

**JURY TRIAL DEMANDED AS TO ALL COUNTS**

Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**


_____/s/ David M. Kobylinski_____

May 16, 2021                David M. Kobylinski, Esquire

*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

_____/s/ David M. Kobylinski_____
David M. Kobylinski, Esquire (PA ID # 92233)

May 16, 2022

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing complaint has been served upon the person(s) listed below by email and first class mail:

Valerie S. Faeth, Esquire
DENTONS COHEN & GRIGSBY PC
625 Liberty Avenue, 5th Floor
Pittsburgh, PA 15222

valerie.faeth@dentons.com

*Counsel for Defendant*

_____/s/ David M. Kobylinski_____
David M. Kobylinski

May 16, 2022