**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRACY WHITMAN, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:22-cv-00746 |
| v. | ) | |
| | ) | |
| HOLY FAMILY INSTITUTE, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | ELECTRONIC FILING |

**HOLY FAMILY INSTITUTES' ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF, TRACY WHITMAN'S COMPLAINT**

Defendant, Holy Family Institute hereby answers Plaintiff, Tracy Whitman's Complaint and sets forth its affirmative defenses. Defendant denies that it is liable to Plaintiff for any reason, or in any way. Defendant responds to the numbered paragraphs in Plaintiff's Complaint as follows:

**A.    Preliminary Statement**

1.    Defendant denies each and every allegation in paragraph 1.

2.    Defendant denies that it discriminated against Plaintiff because of her national origin and each and every allegation in paragraph 2.

3.    Defendant denies each and every allegation in paragraph 3.

**B.    Parties and Venue**

4.    Defendant incorporates its responses to paragraphs 1 through 3 as if fully set forth herein.

5.    Defendant admits that Plaintiff is an adult and that the address listed in paragraph 5 is Plaintiff's last know address.

6.     Defendant admits that Defendant is a Pennsylvania non-profit entity with a business address of 8235 Ohio River Boulevard, Pittsburgh, PA 15202.

7.     Defendant admits that it employed more than 15 individuals during Plaintiff's employment.

8.     The allegations in paragraph 8 constitute conclusions of law to which no response is required.

**C.     Administrative Prerequisites**

9.     Defendant incorporates its responses to paragraphs 1 through 8 as if fully set forth herein.

10.     Defendant admits the allegations in paragraphs 10.

11.     Defendant admits the allegations in paragraph 11.

12.     Defendant admits only that Plaintiff filed a writ of summons within 90 days of the date that the EEOC issued a right to sue letter.  By way of further answer, the EEOC issued a right to sue letter on January 20, 2022 at the request of Plaintiff's counsel.  Defendant denies the remaining allegations in paragraph 12.

13.     Defendant admits that Plaintiff has exhausted her administrative remedies relative to her allegations of sex, race, national origin and color discrimination.

**D.     Material Facts**

14.     Defendant incorporates its responses to paragraphs 1 through 13 as if fully set forth herein.

15.     Defendant admits only that Plaintiff identifies herself as African American. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 15 and, accordingly, denies those allegations.

16.     Defendant admits only that Plaintiff was interviewed for a supervisor position. By way of further answer, Plaintiff was offered the position as a Journey of Hope ("JOH") Supervisor but never assumed the duties of a JOH Supervisor because she did not meet the Federal Office of Refugee Resettlement's ("ORR") minimal educational criteria for the JOH Supervisor position and ORR never approved Defendant's request for an educational waiver. Defendant denies the remaining allegations in paragraph 16.

17.     Defendant admits only that Plaintiff's job title did not change.  Defendant denies each and every remaining allegation in paragraph 17.

18.     Defendant admits only that it requested that Plaintiff attend a training session in late April 2021.  Defendant is without knowledge or information sufficient to form a belief as to which male colleagues Plaintiff is referring in paragraph 18 and, accordingly, denies those allegations.  Defendant denies each and every remaining allegation in paragraph 18.

19.     Defendant admits only that it requested that Plaintiff attend a meeting on Defendant's campus in early May.  Defendant denies each and every remaining allegation in paragraph 19.

20.     Defendant is without knowledge or information sufficient to form a belief as to which Hispanic male Plaintiff is referring in paragraph 20 and, accordingly, denies those allegations.

21.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 21 and, accordingly denies those allegations.

22.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 22 and, accordingly denies those allegations.

23.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 23 and, accordingly denies those allegations.

24.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 24 and, accordingly denies those allegations.

25.     Defendant admits only that Plaintiff's employment was terminated on May 20, 2021.  Defendant denies the remaining allegations in paragraph 25 as stated.  By way of further answer, Plaintiff's employment was terminated because she did not wake a youth care worker to ensure the safety of the children housed on Defendant's campus.

26.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 26 and, accordingly denies those allegations.

27.     Defendant is without knowledge or information sufficient to form a belief as to what situation Plaintiff's supervisor permitted to exist, and, accordingly denies that allegation. Defendant denies each and every remaining allegation in paragraph 27.

28.     Defendant denies that it is more lenient toward Hispanic individuals than African Americans or native-born Americans or prefers Hispanic individuals over African Americans and each and every allegation in paragraph 28.

29.     Defendant denies that it treats male employees more favorably than similarly situated female employees and each and every allegation in paragraph 28.

30.     Defendant denies that it treats Caucasian and Hispanic employees more favorably than similarly situation dark-skinned African Americans and each and every allegation in paragraph 30.

**E.      Damages**

31.      Defendant denies that it engaged in gender, national origin or race discrimination or any unlawful employment practices.  Defendant also denies that any of the relief sought by Plaintiff in Paragraph 31 is appropriate.  Defendant further denies that it is liable to Plaintiff for any reason or for any amount and denies that Plaintiff can be awarded any of the damages or relief that she requests in  Paragraph 31.

**Count I**
**Race Discrimination Under Title VII**

32.      Defendant incorporates its responses to paragraphs 1 through 31 as if fully set forth herein.

33.      The allegations in paragraph 33 constitute conclusions of law to which no response is required.

34.      Defendant denies that it discriminated against Plaintiff because of her race or any other protected classification in violation of Title VII and each and every allegation in paragraph 34.

35.      Defendant denies that it engaged in any discriminatory conduct against Plaintiff because of her race or any other protected classification in violation of Title VII and each and every allegation in paragraph 35.

36.      Defendant admits only that Plaintiff was capable of performing her assigned job duties.   Defendant denies each and every remaining allegation in paragraph 36.

37.      Defendant denies that it discriminated against Plaintiff because of her race and each and every allegation in paragraph 37.

38.     Defendant denies that it discriminated or retaliated against Plaintiff because of her race or any other protected classification in violation of Title VII and each and every allegation in paragraph 38.

39.   Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff has sustained any injuries and, accordingly, denies that allegation.  Defendant also denies that any damages sought by Plaintiff in any of the proceeding paragraphs is appropriate or that  Plaintiff can be awarded any of the damages or relief that she requests in the proceeding paragraphs.

40.     Defendant denies that it engaged in race discrimination or any unlawful employment practices.  Defendant also denies that any of the relief sought by Plaintiff in paragraph 40 or the "WHEREFORE" clause is appropriate.  Defendant  further denies that it is liable to Plaintiff for any reason or for any amount and denies that Plaintiff can be awarded any of the damages that she requests in  Count I, or any relief whatsoever.

## COUNT II
## NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII

41.     Defendant incorporates its responses to paragraphs 1 through 40 as if fully set forth herein.

42.     The allegations in paragraph 43 constitute conclusions of law to which no response is required.

43.     Defendant denies that it discriminated against Plaintiff because of her national origin or any other protected classification in violation of Title VII and each and every allegation in paragraph 43.

44.     Defendant denies that it engaged in any discriminatory conduct against Plaintiff because of her national origin or any other protected classification in violation of Title VII and each and every allegation in paragraph 44.

45.     Defendant admits only that Plaintiff was capable of performing her assigned job duties.   Defendant denies each and every remaining allegation in paragraph 45.

46.     Defendant denies that it discriminated against Plaintiff because of her national origin and each and every allegation in paragraph 46.

47.     Defendant denies that it discriminated or retaliated against Plaintiff because of her national origin or any other protected classification in violation of Title VII and each and every allegation in paragraph 47.

48.     Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff has sustained any injuries and, accordingly, denies that allegation.  Defendant also denies that any damages sought by Plaintiff in any of the proceeding paragraphs is appropriate or that  Plaintiff can be awarded any of the damages or relief that she requests in the proceeding paragraphs.

49.     Defendant denies that it engaged in national origin discrimination or any unlawful employment practices.   Defendant also denies that any of the relief sought by Plaintiff in paragraph 49 or the "WHEREFORE" clause is appropriate.  Defendant further denies that it is liable to Plaintiff for any reason or for any amount and denies that Plaintiff can be awarded any of the damages that she requests in Count II, or any relief whatsoever.

**COUNT III**
**COLOR DISCRIMINATION UNDER TITLE VII**

50.     Defendant incorporates its responses to paragraphs 1 through 49 as if fully set forth herein.

51.     The allegations in paragraph 43 constitute conclusions of law to which no response is required.

52.     Defendant denies that it discriminated against Plaintiff because of her color or any other protected classification in violation of Title VII and each and every allegation in paragraph 52.

53.     Defendant denies that it engaged in any discriminatory conduct against Plaintiff because of her color  or any other protected classification in violation of Title VII and each and every allegation in paragraph 53.

54.     Defendant admits only that Plaintiff was capable of performing her assigned job duties.   Defendant denies each and every remaining allegation in paragraph 54.

55.     Defendant denies that it discriminated against Plaintiff because of her color and each and every allegation in paragraph 55.

56.     Defendant denies that it discriminated or retaliated against Plaintiff because of her color or any other protected classification in violation of Title VII and each and every allegation in paragraph 56.

57.     Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff has sustained any injuries and, accordingly, denies that allegation.  Defendant also denies that any damages sought by Plaintiff in any of the proceeding paragraphs is appropriate or that  Plaintiff can be awarded any of the damages or relief that she requests in the proceeding paragraphs.

58.     Defendant denies that it engaged in color discrimination or any unlawful employment practices.  Defendant also denies that any of the relief sought by Plaintiff in paragraph 58 or the "WHEREFORE" clause is appropriate.  Defendant  further denies that it is

liable to Plaintiff for any reason or for any amount and denies that Plaintiff can be awarded any of the damages that she requests in Count III, or any relief whatsoever.

## COUNT IV
## SEX DISCRIMINATION UNDER TITLE VII

59.     Defendant incorporates its responses to paragraphs 1 through 58 as if fully set forth herein.

60.     The allegations in paragraph 60 constitute conclusions of law to which no response is required.

61.     Defendant denies that it discriminated against Plaintiff because of her sex or any other protected classification in violation of Title VII and each and every allegation in paragraph 61.

62.     Defendant denies that it engaged in any discriminatory conduct against Plaintiff because of her sex or any other protected classification in violation of Title VII and each and every allegation in paragraph 62.

63.     Defendant admits only that Plaintiff was capable of performing her assigned job duties.   Defendant denies each and every remaining allegation in paragraph 63.

64.     Defendant denies that it discriminated against Plaintiff because of her sex and each and every allegation in paragraph 64.

65.     Defendant denies that it discriminated or retaliated against Plaintiff because of her sex or any other protected classification in violation of Title VII and each and every allegation in paragraph 65.

66.     Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff has sustained any injuries and, accordingly, denies that allegation.  Defendant also denies that any damages sought by Plaintiff in any of the proceeding paragraphs is

appropriate or that  Plaintiff can be awarded any of the damages or relief that she requests in the proceeding paragraphs.

67.     Defendant denies that it engaged in sex discrimination or any unlawful employment practices.  Defendant also denies that any of the relief sought by Plaintiff in paragraph 67 or the "WHEREFORE" clause is appropriate.  Defendant  further denies that it is liable to Plaintiff for any reason or for any amount and denies that Plaintiff can be awarded any of the damages that she requests in  Count IV or any relief whatsoever.

## COUNT V
## DISCRIMINATION UNDER PHRA

68.     Defendant incorporates its responses to paragraphs 1 through 67 as if fully set forth herein.

69.     The allegations in paragraph 69 constitute conclusions of law to which no response is required.

70.     The allegations in paragraph 70 constitute conclusions of law to which no response is required.

71.     Defendant admits the allegations in paragraph 71.

72.     Defendant denies that it discriminated against Plaintiff because of her race, color or any other protected classification in violation of the PHRA and each and every allegation in paragraph 72.

73.     Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff has sustained any injuries and, accordingly, denies that allegation.  Defendant also denies that any damages sought by Plaintiff in any of the proceeding paragraphs is appropriate or that  Plaintiff can be awarded any of the damages or relief that she requests in the proceeding paragraphs.

74.     Defendant denies that it engaged in any unlawful employment practices in violation of the PHRA.  Defendant also denies that any of the relief sought by Plaintiff in paragraph 74 or the "WHEREFORE" clause is appropriate.  Defendant further denies that it is liable to Plaintiff for any reason or for any amount and denies that Plaintiff can be awarded any of the damages that she requests in  Count V or any relief whatsoever.

### COUNT VI
### VIOLATION OF REHABILITATION ACT

75.     Defendant incorporates its responses to paragraphs 1 through 74 as if fully set forth herein.

76.     The allegations in paragraph 76 constitute conclusions of law to which no response is required.

77.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 77, and, accordingly denies those allegations.

78.     Defendant denies each and every allegation in paragraph 78.

79.     Defendant denies that it discriminated against Plaintiff because of her membership in any protected classification and each and every allegation in paragraph 79.

80.     Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff has sustained any injuries and, accordingly, denies that allegation.  Defendant also denies that any damages sought by Plaintiff in any of the proceeding paragraphs is appropriate or that  Plaintiff can be awarded any of the damages or relief that she requests in  the proceeding paragraphs.

81.     Defendant denies that it engaged in any unlawful employment practices in violation of the Rehabilitation Act.  Defendant also denies that any of the relief sought by Plaintiff in paragraph 81 or the "WHEREFORE" clause is appropriate.  Defendant further denies

that it is liable to Plaintiff for any reason or for any amount and denies that Plaintiff can be awarded any of the damages that she requests in Count VI or any relief whatsoever.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest with Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to and may not recover the relief prayed for in the Complaint, and there is no factual or legal basis for any award of damages or relief.

### THIRD AFFIRMATIVE DEFENSE

Defendant took all actions with respect to Plaintiff in good faith, without malice, ill will or reckless indifference and no actions were willful, wanton or outrageous.  At all times, Defendant acted in good faith, exhibited good faith efforts to comply with all applicable laws, and has reasonable grounds to believe that its conduct was not in violation of any laws.  In fact, Defendant did not violate any laws.  Thus, Plaintiff is not entitled to an award of any compensatory or punitive damages.

### FOURTH AFFIRMATIVE DEFENSE

Any and all actions taken, or decisions Defendant made regarding Plaintiff are based on legitimate, nondiscriminatory business reasons, which reasons cannot be shown to be pretextual.

## FIFTH AFFIRMATIVE DEFENSE

Defendant did not subject Plaintiff to unlawful discrimination.  Defendant did not violate Plaintiff's rights or harm her in any way.  To the contrary, Defendant treated Plaintiff lawfully at all times.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff has not mitigated or otherwise avoided her damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant denies each and every averment in the Complaint that was not specifically admitted in the foregoing Answer.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that she has failed to exhaust her administrative remedies.

## RESERVATION OF DEFENSES

Defendant reserves the right to add affirmative defenses should they become known as a result of discovery or otherwise.


NOW, WHEREFORE, Defendant denies that it is liable to Plaintiff and denies that Plaintiff is entitled to the relief requested in the Complaint, or any relief whatsoever.  Defendant respectfully requests that the Complaint be dismissed in its entirety with prejudice, and that Defendant be awarded its costs of defense, including reasonable attorneys' fees.

Respectfully submitted,

DENTONS COHEN & GRIGSBY, P.C.

 /s/ Valerie S. Faeth
Valerie S. Faeth (PA Bar No. 51790)
Samantha L. Cook (PA Bar No. 330296)
625 Liberty Avenue, 5th Floor
Pittsburgh, PA 15222-3152
Tel: (412) 297-4900 / Fax: (412) 209-1975
valerie.faeth@dentons.com
samantha.cook@dentons.com

Dated:  June 3,  2022

Counsel for Defendant
Holy Family Institute

4042488.v1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Answer to Complaint was filed electronically on June 3, 2022.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


Respectfully submitted,

DENTONS COHEN & GRIGSBY, P.C.

 */s/ Valerie S. Faeth*
Valerie S. Faeth